IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| AMY COZART, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, | * | No. 3:16-cv-00065-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Amy Cozart, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; courts may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Reversal is not warranted merely because substantial evidence would have supported an opposite decision. *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from

1

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

After careful consideration of the record in this case, for the following reasons, I conclude the decision of the Administrative Law Judge (ALJ) is supported by substantial evidence.

Plaintiff was thirty-six years old at the time of the hearing. (Tr. 35.) She testified she has a twelfth grade education and earned a Child Development Associate Credential. (Tr. 36-37.)

The ALJ issued a written opinion reciting the reasons why he found Plaintiff was not disabled.[1] (Tr. 11-24.) He first found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date, January 1, 2001. (Tr. 13.) He determined Plaintiff had "severe" impairments in the form of cervical degenerative disc disease, lumbar disc disease, and left shoulder pain, but she did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 14-15.) He judged that Plaintiff's allegations regarding her limitations were not entirely credible. (Tr. 15-22)

The ALJ found that Plaintiff retained the residual functional capacity for medium work but cannot engage in frequent overhead reaching. (Tr. 15.) With the aid of a vocational expert, the ALJ determined that Plaintiff could perform her past work as a daycare worker, janitor, and machine cementer.[2] (Tr. 23.) The ALJ also found there were a significant number of other jobs in the economy which Plaintiff could perform, notwithstanding her limitations, such as hand laminator and component assembler. (Tr. 24.) Accordingly, the ALJ concluded that Plaintiff was not disabled. (*Id.*)

In support of her Complaint, Plaintiff disagrees with the ALJ's credibility determination. (Doc. No. 15 at 14-17.) The ALJ considered Plaintiff's subjective complaints in light of Social

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

[2]I note the jobs of daycare worker and machine cementer are "light" exertion jobs.

Security Ruling 96-7p. (Tr. 15-22.) That Ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) and 20 C.F.R. § 404.1529(c)(3) and elaborates on them. The United States Court of Appeals for the Eighth Circuit, in *Polaski,* said:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>
>   2. the duration, frequency and intensity of the pain;
>
>   3. precipitating and aggravating factors;
>
>   4. dosage, effectiveness and side effects of medication;
>
>   5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

While Plaintiff's treatment records reveal she has routinely complained of severe pain and extreme limitation, the objective medical records fail to support Plaintiff's present claim of disability. While Plaintiff takes exception to this finding, the ALJ correctly noted that none of Plaintiff's doctors have placed any limitations on her that would indicate she was disabled. To the contrary, Plaintiff's doctors advised her "against bed rest" and to become more active. (Tr. 614, 616 and exercise. Additionally, the *numerous* diagnostic tests - including MRI, CT scans, and nerve conduction studies - all fail to support Plaintiff's claims of extreme limitation. (Tr. 300-01, 357-8, 368-72, 375-77, 379-81, 383-87, 403-4, 411, 440-453, 481-87.) Given the lack of medical evidence in support of Plaintiff's allegations and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as

a whole).

Plaintiff has advanced other arguments that I find to be without merit. She says, "Unfortunately, there is no opinion from a treating or examining doctor regarding Cozart's work-related physical limitations." (Doc. 15 at 18.) But Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

THEREFORE, the Commissioner's decision is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 8th day of September, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE